**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GREGORY PEREZ | : | |
|     Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:18-cv-1697 (JCH) |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al. | : | DECEMBER 6, 2018 |
|     Defendants. | : | |

**INITIAL REVIEW OF COMPLAINT (DOC. NO. 1) &
RULING RE: MOTION TO AMEND (DOC. NO. 9)**

On October 12, 2018, the plaintiff, Gregory Perez ("Perez"), an inmate currently confined at the MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut, filed a complaint pro se pursuant to section 1983 of title 42 of the United States Code against three Connecticut Department of Correction ("DOC") employees in their individual and official capacities: Commissioner Scott Semple, Dr. Naqvi, and Warden Mulligan. See generally Compl. (Doc. No. 1). Perez claims that the defendants acted negligently and violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his sleep apnea condition. Id. at 6. He seeks monetary and declaratory relief against them in their individual and official capacities. Id. On October 19, Magistrate Judge William I. Garfinkel granted Perez's Motion to Proceed in forma pauperis. See Order (Doc. No. 8).

On October 30, 2018, Perez filed a Motion to Amend the Complaint to add two new constitutional claims and a medical malpractice claim against five new defendants. See generally Mot. to Amend Compl. (Doc. No. 9). The facts and legal claims stated in the Motion to Amend are difficult to read because they appear to have been written in

pencil. As best the court can discern from the Motion, Perez claims that the five new defendants acted with deliberate indifference to a separate medical condition from which he suffers, specifically, an open abscess in his buttocks. Id. at 1, 2. The claims stated in his Complaint and in his Motion to Amend appear to be unrelated. See, infra, at 7.

For the following reasons, the Complaint is dismissed without prejudice, and the Motion to Amend is granted in part and denied in part.

## I. STANDARD OF REVIEW

Pursuant to title 28 section 1915A of the United States Code, this court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of America, 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

2

## II. FACTUAL ALLEGATIONS IN COMPLAINT

On April 11, 2018, Perez wrote a request to the medical unit to provide him with a CPAP machine because he suffers from sleep apnea.[1] Compl. at 5, ¶¶ 1-2. The medical unit provided him with sleeping pills but failed to provide him with the CPAP machine. Id. at 5, ¶ 2. Perez then filed a grievance on July 22, because he was still experiencing sleep problems and difficulty breathing during the night. Id. at 5, ¶ 3. He filed an appeal on September 16, because no one had responded to his grievance. Id. at 5, ¶ 4.

Perez has spent the last six months attempting to gain access to a CPAP machine, but he has not been successful. Compl. at 5, ¶ 5. He remains fatigued during the day because he is forced to get up three to four times per night as a result of his sleep apnea. Id. at 5, ¶ 6. He also drinks large amounts of water at night to force himself to urinate so that he does not fall asleep because he is afraid that he will stop breathing during the night. Id. at 5, ¶ 7. The lack of sleep has caused Perez "stress and misery." Id. at 5, ¶ 8. He alleges that the medical unit "has been deliberately indifferent to [his] needs." Id. at 5, ¶ 9.

## III. ANALYSIS OF COMPLAINT

In his Complaint, Perez is suing all three defendants for acting with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment

---

[1] A continuous positive airway pressure (CPAP) machine is a therapeutic treatment for sleep apnea which uses a hose and a mask or nosepiece to deliver constant and steady air pressure to the patient while sleeping. CPAP Machines: Tips for avoiding 10 common problems, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/sleep-apnea/in-depth/cpap/art-20044164.

protection against cruel and unusual punishment, by denying him access to a CPAP machine to use while sleeping during the night. Compl. at 6. He also claims that the denial of the machine constituted negligence. Id. Although Perez has alleged that he suffers from a sufficiently serious medical condition, he has not alleged facts showing each defendant's personal involvement in the alleged constitutional violation.

To state a claim for deliberate indifference to a serious medical need, Perez must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 183–84 (2d Cir. 2003) (citing Estelle v. Gamble, 492 U.S. 97, 105 (1976)). There are both objective and subjective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that Perez would suffer serious harm as a result of their actions or inactions. See Salahuddin v. Goord, 467 F.3d 263, 280–81 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. See id. at 280. Nor does a difference of opinion regarding what constitutes an appropriate response and treatment. See Ventura v. Sinha, 379 F. App'x 1, 2–3 (2d Cir. 2010); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

4

Perez has stated sufficient factual allegations showing a "sufficiently serious" deprivation under the Eighth Amendment. He has alleged that he suffers from sleep apnea, a serious medical condition, and that officials at MWCI have not provided him with a CPAP machine to allow him to sleep throughout the night. However, his claims for damages and declaratory relief do not satisfy the subjective element of the Eighth Amendment standard for the following reasons.

With respect to his damages claim, it is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); see also Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of respondeat superior does not suffice for claim of monetary damages under section 1983). A plaintiff who sues a supervisory official for monetary damages must allege that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. Wright, 21 F.3d at 501; Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003).

Aside from listing them in the caption on the cover page, Perez has not mentioned any of the defendants by name in the allegations in his Complaint. He has

not alleged any facts showing whether any of the named defendants even knew about the denial of the CPAP machine, let alone whether they had any role in denying him access to the machine. Without alleging facts showing a defendant's personal involvement in the alleged constitutional deprivation, Perez cannot recover damages against any defendant in this case. Moreover, to the extent Perez seeks to raise a negligence claim against the defendants, his claim is barred by section 4-165 of the Connecticut General Statutes, which prohibits negligence actions against state officials acting within the scope of their employment.

While a defendant's lack of personal involvement in the alleged constitutional deprivation is a bar to claims for damages under section 1983, it is not a bar to claims for injunctive or declaratory relief. See DeBerry v. Griefinger, No. 94 CIV. 6898 (DC), 1995 WL 514765, at *2 (S.D.N.Y. Aug. 30, 1995). Nevertheless, Perez fails to state a claim for declaratory relief because he does not plausibly allege that the defendants were actually aware of a substantial risk that Perez would suffer serious harm as a result of their actions or inactions. Although Perez alleges that the defendants "knew about [his] sleep apnea" and "knew that [he] need[ed] a CPAP machine," see Compl. at 5, 6, Perez alleges no specific facts to support these conclusory statements about the defendants' awareness of the risk of harm. Indeed, as noted above, Perez does not even mention any of the defendants by name in the factual allegations contained in the Complaint. See, supra, at 5. Accordingly, Perez's claim for declaratory relief is dismissed for failure to plausibly allege facts showing that the defendants acted with a sufficiently culpable state of mind. See Dorlette v. Butkiewicus, No. 11-CV-1461 TLM,

2013 WL 4760943, at *20 (D. Conn. Sept. 4, 2013) (dismissing deliberate indifference claim where the plaintiff only offered "broad, conclusory, and speculative allegations that [the] defendants had knowledge of the ongoing conditions or specific incidents of conduct").

## IV. MOTION TO AMEND

In his Motion to Amend, Perez seeks to add claims that five other DOC officials, Captain Danek, Lieutenant Stackavinni, Correction Officer Thompson, Correction Officer Hermanewski, and Nurse Dave, acted with deliberate indifference to his medical needs by refusing to treat an open wound on his buttocks.[2] Mot. to Amend Compl. at 1–2. Perez did not attach a proposed amended complaint to his Motion. Nevertheless, because the court is dismissing his initial Complaint without prejudice for failure to state a claim under section 1915A, it will grant the Motion and direct Perez to file an Amended Complaint within thirty (30) days from the date of this Order.

However, Perez's new claims regarding the open wound on his buttocks appear to be wholly unrelated to his sleep apnea claim. Federal Rule of Civil Procedure 20 permits joinder of claims against multiple defendants only if two criteria are satisfied: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Perez's claims in his Motion to Amend appear to be based on separate

---

[2] Perez also claims that the failure to treat the wound amounted to medical malpractice under state law. Section 4-160 of the Connecticut General Statutes prohibits medical malpractice claims against state health care officials absent authorization from the state Claims Commissioner. Thus, if Perez intends to pursue this claim in his Amended Complaint, he must first obtain authorization from the Claims Commissioner in accordance with section 4-160(b).

7

events and against separate defendants.  Thus, if Perez intends to pursue both the claim regarding the denial of the CPAP machine and the claim regarding the denial of treatment for his buttocks wound in his Amended Complaint, he must comply with Rule 20 and show that they "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences."  If he cannot show such a connection, then his Amended Complaint must be limited to stating only one of the claims.  Therefore, the Motion to Amend is denied to the extent that Perez seeks to add new claims and new defendants at this time.

## ORDER

The Complaint (Doc. No. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief could be granted under section 1915A.  The Motion to Amend the Complaint (Doc. No. 9) is **GRANTED in part and DENIED in part**.

Within thirty (30) days of the date of this Order, Perez is permitted to file an Amended Complaint which lists all defendants in the case caption and either (a) restates his Eighth Amendment claim regarding the denial of the CPAP machine, (b) states his constitutional claims regarding the failure of the defendants to treat the open wound on his buttocks, or (c) both.  Perez must allege facts showing each defendant's personal involvement in the alleged constitutional deprivation.  If Perez elects to state both sets of claims, his Amended Complaint must comply with Rule 20 and show that both claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences."  Perez is advised to compose his Amended Complaint legibly and in darker ink so that the court can properly review the facts and legal claims stated therein.

**Failure to submit an amended complaint in accordance with these instructions within thirty (30) days of the date of this Order will result in the dismissal of the entire case with prejudice.**

**SO ORDERED** this 6th day of December 2018 at New Haven, Connecticut.

<u>/s/ Janet C. Hall</u>
Janet C. Hall
United States District Judge