UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY PEREZ | : | |
|     Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:18-cv-1697 (JCH) |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al. | : | FEBRUARY 8, 2019 |
|     Defendants. | : | |

**ORDER OF DISMISSAL**

On October 12, 2018, the plaintiff, Gregory Perez ("Perez"), an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a complaint pro se pursuant to title 42, section 1983 of the United States Code against three Connecticut Department of Correction ("DOC") employees in their individual and official capacities: Commissioner Scott Semple, Dr. Naqvi, and Warden Mulligan. Compl. (Doc. No. 1). Perez claimed that the defendants acted negligently and violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his sleep apnea condition. Id. at 6.

On October 30, 2018, Perez filed a Motion to Amend his Complaint to add two new constitutional claims and a medical malpractice claim against five new DOC officials: Captain Danek, Lieutenant Stackavinni, Correction Officer Thompson, Correction Officer Hermanewski, and Nurse Dave. See generally Mot. to Amend Compl. (Doc. No. 9). In his Motion, Perez claimed that the five new defendants acted with deliberate indifference to a separate medical condition from which he suffers; specifically, an open abscess in his buttocks. Id. at 1, 2.

On December 6, 2018, this court issued an Initial Review Order and ruling on the Motion to Amend, which analyzed the factual allegations stated in both the complaint and Perez's motion to amend. Initial Review of Complaint & Ruling Re: Mot. to Amend ("IRO") (Doc. No. 12). The court dismissed the Eighth Amendment claim regarding the sleep apnea condition because Perez failed to allege any facts showing how Semple, Naqvi, or Mulligan were personally involved in the deprivation. Id. at 5–6. There were no allegations showing how those defendants even became aware of Perez's condition, let alone whether they had any role in denying him access to treatment. Id. The court noted that, aside from listing the defendants' names in the caption of the complaint, Perez failed to even mention their names in his factual allegations. Id.

The court granted Perez's Motion to Amend to the extent Perez sought leave to file an amended complaint. IRO at 7. However, Perez did not attach an amended complaint to his Motion, and therefore, the court denied the motion to the extent Perez sought to add the new claim against Danek, Stackavinni, Thompson, Hermanewski, and Dave regarding the open wound on his buttocks. Id. at 8.

After reviewing the factual allegations in the Complaint and the Motion to Amend, the court dismissed the Complaint without prejudice and ordered Perez to file an amended complaint listing all defendants in the case caption and either (a) restating his Eighth Amendment claim regarding his sleep apnea condition, (b) stating his constitutional claims regarding the open wound on his buttocks, or (c) stating both claims. IRO at 8. The court instructed Perez that he "must allege facts [in the amended complaint] showing each defendant's personal involvement in the alleged constitutional

2

deprivation." Id. Moreover, if Perez elected to pursue both claims, he must show that they "aris[e] out of the same transaction, occurrence, or series of transactions of occurrences." Id. (quoting Fed. R. Civ. P. 20). The court advised Perez that, if he failed to file an amended complaint which complied with the foregoing instructions, his case would be dismissed with prejudice. Id. at 9.

On January 22, 2019, Perez filed his Amended Complaint against Naqvi, Semple, and three new defendants who were not mentioned in either the initial complaint or motion to amend: Nurse Chris, Deputy Warden Roach, and "MHU Social Worker Shara." Am. Compl. (Doc. No. 15). His Amended Complaint restates his Eighth Amendment claim regarding his sleep apnea condition, but does not mention the claim addressed in his Motion to Amend regarding the open wound on his buttocks. See id. at 5-6. Because Perez has failed to comply with this court's instruction that he allege facts showing the defendants' personal involvement in the alleged deprivation, the court dismisses the Amended Complaint with prejudice.

## I. STANDARD OF REVIEW

Pursuant to title 28 section 1915A of the United States Code, this court must review prisoner civil complaints and dismiss any portion of a complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of America, 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. FACTUAL ALLEGATIONS IN AMENDED COMPLAINT

On April 11, 2018, Perez sent a request to the medical unit stating that he had trouble sleeping. Am. Compl. at ¶ 1. His sleep problem was noted in his medical file from Yale New Haven Hospital. Id. at ¶ 2. On April 13, the medical unit returned his request with a notation that read, "Seen S/C." Id. at ¶ 3. On July 22, Perez filed a grievance against the medical unit. Id. at ¶ 4. His grievance was returned on August 16, with a notation that read, "ROI faxed to Yale 8-16-18." Id. at ¶ 5. The official responding to the grievance also wrote that Dr. Naqvi would submit a request to the Utilization Review Committee ("URC") once Perez's records arrived at the facility. Id. at ¶ 6.

On September 16, 2018, Perez filed an appeal of his grievance. Id. at ¶ 7. The appeal was returned, stating that Perez could not file an appeal "until [he] get[s] a response back." Id. at ¶ 7.

Perez continues to have difficulty breathing when he sleeps. Id. at ¶ 8. He takes medication for his mental health conditions, but he is afraid of dying in his sleep. Id. at ¶ 9.

4

## III. ANALYSIS OF AMENDED COMPLAINT

It is clear from the allegations in the Amended Complaint that Perez has failed to comply with the court's instruction for him to allege facts showing the defendants' personal involvement in the Eighth Amendment deprivation. Other than Naqvi, Perez fails to even mention the defendants in his factual allegations. The only allegation concerning Naqvi is that he would file a request with the URC once Perez's medical records arrived at the facility. Id. at ¶ 6. This fact, alone, does not support a claim that Naqvi acted with deliberate indifference to Perez's medical needs. See Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006) ("Deliberate indifference . . . requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result."). Thus, Perez has failed to comply with the court's instructions and to state a plausible claim for relief.

## ORDER

The Amended Complaint (Doc. No. 15) is **DISMISSED with prejudice** for failure to state a claim upon which relief could be granted under section 1915A. The Clerk is directed to close this case.

**SO ORDERED** this 8th day of February 2019 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

5